# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EARNEST SMITH (# 42190)**                                      **PLAINTIFF**

**v.**                                **No. 4:07CV38-P-A**

**CHRISTOPHER EPPS, ET AL.**                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Earnest Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On August 11, 2006, at Unit 29 at the Mississippi State Penitentiary, a window frame struck the plaintiff in the face while he was asleep in his cell, cutting the plaintiff's lip. The plaintiff yelled for help, inmates from downstairs came upstairs and used a towel wrapped in ice to apply to the plaintiff's face. The inmates assisted the plaintiff into the hallway, where Officer Rosebud and Officer Hudson escorted the plaintiff to the clinic, where medical staff took the plaintiff's vital signs. The Unit 42 hospital dispatched an ambulance, and the plaintiff was taken to the hospital. The doctor was at lunch, and the nurse called him. She then took the plaintiff's vital signs and treated the plaintiff's injury with gauze and ice. A hospital trustee checked on the plaintiff during his hour wait for Dr. Lehman to arrive. Dr. Lehman examined the plaintiff and injected painkiller into the plaintiff's upper lip four or five times to deaden the wound. Dr.

Lehman then began stitching the plaintiff's lip before the local anesthetic had time to completely deaden the pain. Dr. Lehman closed the plaintiff's wound with ten or twelve sutures, then sent the plaintiff back to his unit without prescribing medication for pain. In addition, the plaintiff alleges that he did not at first receive the antibiotic and nasal medication that Dr. Lehman prescribed for him after incident. The plaintiff's wound healed, and the sutures were removed after twelve days. The plaintiff believed that one of the suture sites had become infected, but Dr. Lehman disagreed. The plaintiff only received his prescribed medication sporadically, and, over time, his wound healed. He believes that his wounds healed slowly because he is a diabetic and because he did not receive his nasal medication and antibiotics in a timely manner.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in

exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's allegations show, at most, a disagreement with his course of medical treatment and lack of due care by prison staff assigned to distribute medications. Neither of the allegations state a claim under the prevailing law. The plaintiff was treated immediately for his injuries at the Unit 29 Clinic, and he was again treated upon his arrival at the Unit 42 hospital. Once Dr. Lehman returned from lunch, he deadened the injured area and applied twelve sutures. The plaintiff complains that the sutures were unnecessarily painful. He believes Dr. Lehman should have waited longer in the hope that the injured area would be deadened further, thus sparing the plaintiff from the pain of the sutures. As discussed above, however, he plaintiff's disagreement with the treatment provided does not state a constitutional claim.

The plaintiff's allegations also fall short regarding the intermittent delivery of prescribed medications – a claim of delayed medical treatment. First, the plaintiff has not alleged that he suffered substantial harm from the delay, as his injuries healed (albeit more slowly than he would have liked). More importantly, the allegations state a claim of negligence only – a claim insufficient to trigger constitutional safeguards in a prison setting. For these reasons, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE